IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN R. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO.  05-749-PMF |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

**FRAZIER, Magistrate Judge:**

Plaintiff, John R. Miller, seeks judicial review of a final decision of the Commissioner of Social Security denying his January, 2003, application for supplemental security income. Miller's application was rejected following an administrative determination that he was not disabled. That decision became final when the Appeals Council declined to review a decision reached by an Administrative Law Judge (ALJ).

Judicial review of the Commissioner's final decision is authorized by 42 U.S.C. § 405(g) and 42 U.S.C. §1383(c)(3). To receive supplemental security income, a claimant must be "disabled." A disabled person is one whose physical or mental impairments result from anatomical, physiological, or psychological abnormalities which can be demonstrated by medically acceptable clinical and laboratory diagnostic techniques and which prevent the person from performing previous work and any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 1382c(a)(3)(B), 1382c(a)(3)(D).

The Social Security regulations provide for a five-step sequential inquiry that must be followed in determining whether a claimant is disabled. 20 C.F.R. § 416.920. The Commissioner

must determine in sequence: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets or equals one listed by the Commissioner, (4) whether the claimant can perform his or her past work, and (5) whether the claimant is capable of performing any work in the national economy. *Clifford v. Apfel,* 227 F.3d 863, 868 (7th Cir. 2000). If the claimant does not have a listed impairment but cannot perform his or her past work, the burden shifts to the Commissioner at Step 5 to show that the claimant can perform some other job. *Id*.

At the time of the ALJ's decision, plaintiff was 47 years old. He had an eleventh grade education without specialized training or past relevant work.

The ALJ evaluated plaintiff's application through Step 5 of the sequential analysis and concluded that plaintiff had a medically determinable impairment that was severe (pilonidal disease). The ALJ decided that this impairment did not meet or equal one of the impairments listed in the Social Security regulations. The ALJ assessed plaintiff's residual functional capacity, finding that he retained the ability to perform a limited range of light work, and decided that he was not disabled because he could perform a significant number of assembler, cashier, and janitor jobs (R. 18-24).

Under the Social Security Act, a court must sustain the Commissioner's findings if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla" of proof. The standard is satisfied by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Because the Commissioner of Social Security is responsible for weighing the evidence, resolving conflicts in the evidence, and making independent findings of fact, this Court may not decide the facts anew, reweigh the evidence, or

substitute its own judgment for that of the Commissioner. *Id*. However, the Court does not defer to conclusions of law, and if the Commissioner makes serious errors, reversal is required unless the Court is satisfied that no reasonable trier of fact could have come to a different conclusion. *Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996).

Plaintiff argues that the ALJ failed to consider relevant evidence, failed to make necessary findings, and rejected evidence of disability without providing legitimate reasons. He seeks remand for an award of benefits or further administrative proceedings.

### I.     Failure to Consider Evidence Relevant to Credibility

Plaintiff argues that the ALJ did not consider evidence relevant to the assessment of the credibility of his testimony regarding treatment efforts. Defendant argues that the ALJ considered relevant evidence, including evidence showing that plaintiff failed to follow prescribed treatment.

Plaintiff's disease is characterized by a chronic, recurrent pilonidal cyst, located at base of his spine near the top of the buttocks. The cyst becomes infected, fills, bursts, and drains. The disease process is painful and produces a foul odor. Pilonidal cysts can be treated with surgery (R. 105, 114,124). *The Merck Manual of Diagnosis and Therapy*, § 9, Ch. 130 (17th Ed. 1999). .

Plaintiff underwent surgical treatment for his pilonidal cyst at age 28. He subsequently obtained short-term treatment with oral antibiotics and long-term treatment with pain medication (R. 75, 77, 89, 104, 113, 117, 124). Plaintiff testified that he experienced two or three flare-ups each month, on average, and that his symptoms lasted two or three days per episode. He did not schedule an office visit with his physician each time his cyst infection returned because his physician could not provide additional treatment (R. 164-65). Plaintiff pursued the option of additional surgery – recommended by his physician – by borrowing money from a relative and arranging a consultation

with a general surgeon. Dr. Watanachai recommended that surgery be performed before plaintiff returned to work (R. 72). Although the cyst could return after surgery, plaintiff elected to proceed. The operation was not performed due to plaintiff's financial constraints (R. 63, 69, 72, 77, 106, 108, 122).

The ALJ discounted plaintiff's testimony regarding his limitations, pointing to evidence of sporadic office visits and a failure to pursue recommended surgery. The ALJ thought any person who experienced the symptoms plaintiff described would be motivated "to seek more successful treatment" (R. 21). The Court agrees with plaintiff that the ALJ's credibility assessment was not based on consideration of all the relevant evidence.

When ALJs evaluate witness credibility, they must carefully consider an individual's statements about symptoms with the rest of the relevant evidence, including explanations of limited treatment efforts. That is, ALJs:

> [M]ust not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment.

SSR 96-7p. The ALJ did not consider evidence showing that plaintiff lacked the financial ability to pay for recommended surgery and did not rely on information in the record in deciding that "more successful" treatment would have been provided with additional office visits. If the ALJ had considered all the relevant evidence, plaintiff's description of his limitations would likely have received full credit, as treatment gaps and omissions were rationally explained.

Defendant maintains that the ALJ's analysis was consistent with § 416.930. Alternatively, she suggests that the ALJ could have articulated valid reasons for his credibility assessment. The Court declines to extend its proper role by deciding that plaintiff failed to follow prescribed

-4-

treatment that would have restored his ability to work. The Court also declines to construct bridges linking evidence to the ALJ's credibility assessment. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)(confining review to the reasons supplied by the ALJ). Those tasks properly rest with the ALJ. Because the ALJ did not consider all of the relevant evidence on this issue, the ALJ's assessment is not entitled to the deference normally accorded to credibility findings.

## II.     Failure to Make Necessary Findings

Plaintiff also argues that the ALJ failed to decide whether he retained the ability to perform work functions on a regular and continuing basis. Defendant argues that plaintiff presented speculative evidence of absenteeism that does not detract from the ALJ's assessment of plaintiff's residual functional capacity.

Residual functional capacity is an assessment of the most a person can do despite limitations caused by medically determinable physical and mental impairments. 20 C.F.R. § 416.945(a). Where physical abilities are affected, ALJs assess the nature and extent of the physical limitations when they determine a claimant's residual physical capacity for work on a regular and continuing basis. 20 C.F.R. § 416.945(b).

The ALJ was presented with evidence that plaintiff's impairment caused sporadic periods of symptoms lasting 2 to 3 days at a time and occurring 1 to 9 times per month (R. 103-4, 131, 137, 154-55). During an active infection, plaintiff's symptoms substantially reduced his ability to perform work-related activities (R. 103-4, 105, 110, 112, 114, 125). A vocational expert explained that any person with an impairment that causes two missed days of work each month over the long term is
not able to maintain employment (R. 159-161, 163). The ALJ did not advance reasons to discredit the vocational expert's testimony (R. 22).

The ALJ found that plaintiff could perform a limited range of light work. Specifically, he could lift and carry items weighing up to 20 pounds occasionally and 10 pounds frequently, stand and walk for six hours in an eight-hour workday, and sit for two hours in an eight-hour workday (R. 21). The Court cannot conduct a meaningful review of this finding without knowing how the ALJ assessed the frequency, intensity, and duration of plaintiff's symptoms. The ALJ's partial acceptance of medical opinions does not clarify these issues.[1]

### III. Rejection of Evidence and Treating Physician Opinion

Plaintiff argues that the ALJ did not employ logic when rejecting certain evidence on the basis that Dr. Sattler's records failed to verify the frequency of symptoms. Defendant maintains that the ALJ properly weighed medical source opinions.

ALJs must build a bridge of logic connecting the evidence to the conclusions that support the decision. *Groves v. Apfel*, 148 F.3d 809, 811 (7th Cir. 1998). They must also be careful not to succumb to the temptation to make independent determinations about a claimant's condition. *Schmidt v. Sullivan*, 914 F.2d 117, 188 (7th Cir. 1990). Rather, ALJs must make disability determinations based on evidence in the record.

The ALJ partially discredited evidence describing the frequency of plaintiff's symptoms on the basis that evidence that plaintiff's symptoms occurred three times per month was not supported by treatment records (R. 21). In making this assessment, the ALJ assumed that plaintiff's symptoms always required medical attention. While the record demonstrates that plaintiff's condition required surgical treatment, no evidence suggests that plaintiff's treating physician was qualified to provide those medical services. Because the record does not support the ALJ's inference, the Court cannot

---

[1] The reviewing physicians described plaintiff's symptoms as "sporadic" and said his symptoms "flare[d] now and then only"(R. 103-04). These remarks do not explain the frequency, duration, or intensity of plaintiff's symptoms, as determined by the ALJ.

trace the logic supporting the assessment.  *See Schwabe v. Barnhart*, 338 F.Supp. 2d 941, 958-59 (E.D. WI 2004)(inferences from lack of medical treatment are not appropriate unless further treatment is appropriate and necessary).

### IV.   Remedy

Plaintiff seeks reversal and remand for an award of benefits.  Defendant argues that this type of reversal would be inappropriate.  Because additional findings are required before plaintiff's disability can be determined, reversal with remand for further proceedings is the appropriate remedy.

### V.   Conclusion

Pursuant to the fourth sentence in § 405(g), the Commissioner's final decision denying John R. Miller's January, 2003, application for supplemental security income is REVERSED and REMANDED for further proceedings and a new decision.  On remand, the ALJ shall reevaluate plaintiff's testimony after considering all relevant evidence; determine the frequency, severity, and duration of plaintiff's symptoms; and base inferences on the evidence presented.  Judgment shall enter at this time.

SO ORDERED:   September 25, 2006   .

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**